UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH N. SKIPPER #244675,

Plaintiff,

Case No. 2:07-cv-143

v.

Honorable R. Allan Edgar

KELLY JOHNSON,

Defendant.

_______________________________________/

**OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S**

**REPORT AND RECOMMENDATION**

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on September 27, 2007. The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In the report and recommendation, the Magistrate Judge found that Plaintiff's allegations did not rise to the level of an Eighth Amendment violation. In his objections, Plaintiff claims that he actually intended to set forth a retaliation claim. Plaintiff states that he was collaborating with another prisoner in filing paperwork against Defendant, and that Defendant retaliated by depriving Plaintiff of his meals as alleged in the complaint.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged

in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

As noted in the September 7, 2007, report and recommendation, Plaintiff alleges in his complaint that on October 6, 2006, Defendant denied Plaintiff his breakfast and lunch trays. On October 8, 2006, Defendant denied Plaintiff his breakfast tray, falsely claiming that he was engaged in inappropriate conduct. On December 4, 2006, Defendant denied Plaintiff one of his meals. The court concludes that the alleged misconduct does not constitute an adverse action that would deter a person of ordinary firmness from engaging in protected conduct. Therefore, Plaintiff's retaliation claim lacks merit.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). This is a dismissal described by 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is

barred, he will be required to pay the $455 appellate filing fee in one lump sum. Accordingly, should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.

Dated: 3/11/08

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE